UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    x
FEDERAL INSURANCE COMPANY,          x
                                    x
              Plaintiff,            x    06 Civ. 740 (SWK)
                                    x
     -against-                      x
                                    x    **OPINION**
                                    x
TIME WARNER INC.                    x
                                    x
              Defendant.            x
                                    x
------------------------------------X

**SHIRLEY WOHL KRAM, U.S.D.J.**

**I.  Introduction**

On January 11, 2001, Plaintiff Federal Insurance Company ("Federal") issued a $25 million insurance policy to Defendant Time Warner, Inc. ("Time Warner") as one component of Time Warner's director and officer insurance program. The program consisted of a single primary policy and a series of excess policies, all totaling $500 million. It designated Federal's policy as the first layer of excess coverage to be used after the primary policy was exhausted.

In late 2002, Time Warner became the subject of a series of investigations and civil proceedings concerning its accounting practices. In response to Time Warner's rising defense costs, the parties entered into a Non-Waiver and Interim Funding Agreement on May 6, 2004, under which Federal advanced $25 million to Time Warner. Since then, Federal has requested

numerous documents from Time Warner in order to evaluate potential subrogation claims against third parties. Unable to resolve its differences with Federal regarding this, and other, coverage issues, Time Warner invoked the arbitration provision of its policy.

Federal now moves for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(d). It requests the immediate production of 13 million documents Time Warner previously produced to the Securities and Exchange Commission and the Department of Justice,[1] interviews with unidentified Time Warner personnel, and future access to other unspecified documents. Additionally, Federal seeks to enjoin Time Warner from "impairing or relinquishing, in any manner, its subrogation rights." (Compl. 8.) Time Warner cross-moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and moves for sanctions pursuant to Federal Rule of Civil Procedure 11(c).

**II. Applicable Legal Standards**

The issuance of a preliminary injunction is a drastic and extraordinary remedy, which should not be granted on a routine basis. See Med. Soc'y of the State of N.Y. v. Toia, 560 F.2d 535, 538 (2d Cir. 1977). Nonetheless, district courts are

---

[1] During a March 29, 2006 hearing, Time Warner informed the Court that these 13 million documents had been sent to Federal the night before the hearing.

2

required to review the merits of a motion for a preliminary injunction, even when the two parties have agreed to arbitrate. See Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co., 749 F.2d 124, 125 (2d Cir. 1984). To succeed, the moving party must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation, and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Jackson Dairy, Inc. v. H.P. Hood & Sons, 596 F.2d 70, 72 (2d Cir. 1979).

The showing of irreparable harm is "[p]erhaps the most important prerequisite for the issuance of a preliminary injunction." Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983) (citations omitted). For this reason, "the moving party must first demonstrate that the harm in question is likely before the other requirements for the issuance of an injunction will be considered." Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990). Also, the moving party must establish that the injury at issue "is neither remote nor speculative, but actual and imminent." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (citation omitted). Monetary losses that can be rectified by financial compensation will not amount to irreparable harm. See

3

Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989).

**III. Preliminary Injunction Is Denied**

Federal's motion for a preliminary injunction fails to make the requisite demonstration of irreparable harm. First, "when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 34 (2d Cir. 1991) (citation omitted). The most Federal stands to lose in this issue is $25 million, the money it advanced to Time Warner. Any harm sustained by Federal, therefore, can be redressed financially and cannot serve as the basis for injunctive relief.

Federal also fails to show that it is likely to sustain an injury in the immediate future. While Federal vaguely refers to the "possible running of statutes of limitations" on "potential subrogation claims" (Compl. ¶ 39), it neglects to identify the parties it is targeting or the subrogation claims it is contemplating. Thus, Federal's prospective injuries, if they indeed exist, cannot be characterized as actual and imminent. Cf. Kamerling v. Massanari, 295 F.3d 206, 215 (2d Cir. 2002) (denying a preliminary injunction because the plaintiff had failed to first establish her underlying claim to the benefits

at issue). As a result, the Court denies Federal's motion for a preliminary injunction and grants Time Warner's cross-motion to dismiss.

### IV. Motion For Sanctions Is Denied

Time Warner's motion for Rule 11 sanctions is denied. Rule 11 sanctions are appropriate if, "under an 'objective standard of reasonableness' it is clear...that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." <u>Morley v. Ciba-Geigy Corp.</u>, 66 F.3d 21, 25 (2d Cir. 1995) (citation omitted). Though Federal's motion is not persuasive, its claims are colorable and do not warrant Rule 11 sanctions.

### V. Conclusion

For the reasons set forth above, Federal's motion for a preliminary injunction is denied and its complaint is dismissed. Time Warner's motion for Rule 11 sanctions is also denied.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

DATED: New York, New York
April 19, 2006